UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 11-3592 DSF (VBKx) | Date | 5/10/11 |
|---|---|---|---|

| Title | The Santa Barbara Smokehouse, Inc. v. True Nature Seafood, LLC |
|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). The party asserting federal jurisdiction has the burden of proving it. <u>Lewis v. Verizon Commc'ns, Inc.</u>, 627 F.3d 395, 399 (9th Cir. 2010). Plaintiff claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Compl. ¶ 3.) Federal courts have diversity jurisdiction over civil actions where: (1) the amount in controversy exceeds $75,000; and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a). Plaintiff has not met its burden of establishing complete diversity because it has not adequately alleged Defendant's citizenship.

The citizenship of an unincorporated business is determined by each of its member's citizenship. <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff has not alleged the citizenship of Defendant's members. Due to this failure, the Court orders Plaintiff to show cause in writing by May 23, 2011 why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.